| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO**<br><br>**Denver County District Court**<br>**Denver City & County Bldg.**<br>**1437 Bannock Street, Room 256**<br>**Denver, Colorado 80202** | DATE FILED: February 17, 2015 4:43 PM<br>FILING ID: 1803345A62B06<br>CASE NUMBER: 2015CV30579<br><br><br>▲COURT USE ONLY▲ |
| **Plaintiff: David Murguia, an individual**<br><br>**v.**<br><br>**Defendant: SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation** | **Case Number:** _____<br><br>Ctrm.: _____ |
| Gabriel Claeson, Atty. No. 39144<br>**Balaban & Claeson LLP**<br>1325 S. Colorado Blvd., Suite B-506<br>Denver, Colorado 80222<br>Phone Number: 303-377-3474<br>Fax Number: omitted<br>claeson@denverfirm.com | |
| **COMPLAINT AND JURY DEMAND** | |

David Murguia ("Murguia"), by and through counsel, Balaban & Claeson LLP, files this Complaint against Defendant, SAFECO INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation ("Safeco"), and for its claims and causes of action states as follows:

### THE PARTIES & JURISDICTION

1.      This litigation arises from **inter alia**, defendant's wrongful and unjustified delay and effective denial of Mr. Murguia's Underinsured Motorist insurance claim.  Plaintiff seeks relief based on various contract, tort, and statutory claims.

2.      Plaintiff Murguia resides in Denver, Colorado.

3.      On information and belief, defendant Safeco is incorporated in New Hampshire.



Safeco is registered to conduct business in Colorado with the Colorado Secretary of State and lists its registered agent as the Colorado Division of Insurance.

4. The Court has personal jurisdiction over Safeco pursuant to the Colorado long-arm statute, **C.R.S. § 13-1-124(1)(a)** and **(d).**

5. This court has subject matter jurisdiction over all claims asserted herein and personal jurisdiction over all parties. Venue is properly laid in this district pursuant to **Colo. R. Civ. P. 98(c)**.

## GENERAL ALLEGATIONS

6. On or about June 13, 2013, Mr. Murguia was involved in an automobile accident which caused him serious injuries including permanent scarring.

7. On July 3, 2013, Mr. Murguia's attorney sent a letter of representation to the third party insurance company that covered the tortfeasor in the underlying motor vehicle collisions, Fred Loya Insurance Company ("Fred Loya").

8. On July 5, 2013, Mr. Murguia's attorney sent a letter of representation to Safeco, Mr. Murguia's insurance carrier with whom he had automobile insurance that included medical payments coverage and underinsured motorists ("UIM") coverage.

9. On August 7, 2013, Safeco sent a letter to Mr. Murguia's attorney stating that they would pay his medical payments benefits. No release was requested or required for Mr. Murguia to receive this benefits.

10. On March 17, 2014, the third party liability carrier, Fred Loya, offered to settle Mr. Murguia's claim for the policy limits of $25,000.00.

11. On March 18, 2014, Mr. Murguia's attorney sent a letter to Safeco requesting authorization to accept the settlement offer from Fred Loya. In addition, this letter gave Safeco notice of Mr. Murguia's UIM claim and requested they begin their evaluation of Mr. Murguia's UIM claim pursuant to the policy.

12. On March 18, 2014, Mr. Murguia's attorney spoke on the telephone with Michael Paxson at Safeco who indicated that he would work on getting a UIM adjustor assigned to the claim.

13. On March 25, 2014, Mr. Murguia's attorney received permission from Safeco to settle the third party Fred Loya claim. The Fred Loya claim was quickly resolved and finalized.

14. On March 25, 2014, Carley Pena, the UIM adjustor assigned to the claim by Safeco, emailed Mr. Murguia's attorney requesting photos of Mr. Murguia's scars. These photos

were sent to Ms. Pena promptly.

15.      On April 11, 2014, Ms. Pena with Safeco spoke with Mr. Murugia's attorney on the telephone, and followed up with a letter stating that, "For Mr. Murugia's underinsured motorist claim, we are offering $2,500 in new money." In addition, she stated that Safeco had "considered the scarring to his arm in our evaluation." Further, she referred to the $2,500.00 as an "offer."

16.      On April 22, 2014, Mr. Murguia's attorney wrote a letter to Safeco asking for a re-evaluation. The letter stated "Once you have completed the re-evaluation please submit to my office, in writing, your re-evaluated amount and a detailed basis for the evaluation." The letter further requested a certified copy of the insurance policy in question.

17.      On May 5, 2014, Carley Pena, the UIM adjustor assigned to the claim by Safeco, sent a letter to Mr. Murguia's attorney stating that Safeco can "extend an offer of settlement for $3,410.00."

18.      On May 27, 2014, Carley Pena, the UIM adjustor assigned to the claim by Safeco, told Mr. Murguia's attorney, via telephone, that Safeco would need a release signed by Mr. Murguia before they would pay for his covered benifit.

19.      On June 6, 2014, Mr. Murguia's attorney wrote a letter to Safeco requesting another re-evaluation by Safeco. Further, the letter reminded Safeco that this is not an adversarial action that it is Safeco's "…responsibility to conduct a reasonable evaluation…" Finally, the letter indicated that Safeco should "promptly send the undisputed portion, $3,410.00…" to Mr. Murguia's office.

20.      On June 9, 2014, Carley Pena, the UIM adjustor assigned to the claim by Safeco, sent a letter to Mr. Murguia's attorney stating that "the damages are still very much in dispute and as such, we are not in a position to forward the 'undisputed' amount until both parties have reached an understanding and settlement value for his claim." The letter again refers to the $3,410.00 amount as an "offer."

21.      On June 24, 2014, Mr. Murguia's attorney wrote a letter to Safeco citing the policy language that states that Safeco "…will pay damages which an insured is legally entitled to recover from the owner or operator of an…Underinsured motor vehicle…" The letter further points out that Safeco is treating the claim as "an adversarial settlement situation rather than an evaluation of Mr. Murguia's claim." Finally, the letter states that Safeco is essentially evaluating Mr. Murguia's claim at $0, and finishes with "If this is incorrect, please forward the damages that Safeco is obligated to pay to Mr. Murguia to our office immediately."

22.      On June 25, 2014, Carley Pena, the UIM adjustor assigned to the claim by Safeco, sent a letter to Mr. Murguia's attorney requesting "the legal authority that states the underinsured motorist company must pay the undisputed amount." The letter again refers to the $3,410.00 as an "offer."

23.     On July 9, 2014, Mr. Murguia's attorney wrote a letter to Safeco explaining that the "legal authority" requiring Safeco to pay is contained in the policy itself. The policy simply states that Safeco "will pay" and "includes no language about offers of settlement or requirement on the part of the insured to sign a release." It clarifies that the contract itself requires Safeco to pay the amount of its UIM evaluation amount to Mr. Murguia. Finally, the letter requests Safeco to "provide the legal authority stating that Safeco can refuse to pay Mr. Murguia for reasons not contained in the policy."

24.     On July 29, 2014, Carley Pena, the UIM adjustor assigned to the claim by Safeco, sent a letter to Mr. Murguia's attorney stating that Safeco is "not disputing that Mr. Murguia is entitled to underinsured motorist coverage; however, we have not yet had a meeting of the minds in terms of exactly what amount he is entitled to." The letter further states that, "In the spirit of compromise, we are offering $5,000 in new money to resolve Mr. Murguia's claim."

25.     On August 28, 2014, Mr. Murguia's attorney wrote a letter to Safeco indicating that it appears as if Safeco is trying to force Mr. Murguia to enter into a new contract, namely a release, before it is willing to honor the terms of its original contract, the policy. The letter goes into detail about how the policy itself governs the situation, and that the policy clearly states that Safeco is obligated to pay and that there are no additional obligations on Mr. Murguia. Finally, the letter clarifies:

> "This is not a settlement discussion. This is not an adversary action. This is your paying customer, Mr. Murguia, waiting for five months to get the insurance coverage he paid for and that he is entitled to. If you need the authority that requires Safeco to pay Mr. Murguia, please read the terms of the policy entered into between Safeco and Mr. Murguia. For some inexplicable reason, Safeco has chosen to honor the Medical Payments portion of this policy but is choosing to ignore its obligations under the Underinsured motor vehicle portion of the policy.

26.     On August 29, 2014, Carley Pena, the UIM adjustor assigned to the claim by Safeco, sent a letter to Mr. Murguia's attorney stating that "Safeco is not denying Mr. Murguia's claim; however, we do not see any legal obligations to tender the undisputed amount as you have requested. At this point, you have failed to respond to our offer with either an acceptance or counter demand…"

27.     October 8, 2014, Mr. Murguia's attorney wrote a letter to Safeco questioning why, if Safeco is not denying Mr. Murguia's claim, they are "refusing to pay without him entering into a new contract with Safeco." The letter goes on to explain Safeco is required to "fairly evaluate the damages and pay out that amount, not negotiate with their own insured in an effort to save money." It further clarifies that "Mr. Murguia has fulfilled all of his obligations under the contract and need not fulfill any additional obligations outside of the contract."

28.     On October 10, 2014, Carley Pena, the UIM adjustor assigned to the claim by Safeco, sent a letter to Mr. Murguia's attorney stating that if Mr. Murguia has accepted the $5,000 offer, Safeco will "forward a settlement check and Release."

29.     On January 29, 2015, Carley Pena, the UIM adjustor assigned to the claim by Safeco, sent a letter to Mr. Murguia's attorney stating that Safeco has presented a "compromise offer" and that they are "open to settlement negotiations."

30.     As of the date of this Complaint, Safeco has failed to pay Mr. Murguia any amount under its first party obligations obtained in the UIM portion of the contract entered into between Mr. Murguia and Safeco.

31.     Safeco has refused to honor the terms of its policy with Mr. Murguia unless he entered into a new contract with Safeco. While Safeco attempts to characterize its efforts as a "compromise," this is a first party insurance claim and the attempt to force additional non-contracted for obligations on Mr. Murguia constitutes bad faith by Safeco.

32.     As a result of Safeco's unreasonable delay and effective denial of Mr. Murguia's claim, he has suffered financial damages.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

33.     Plaintiff incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

34.     As memorialized by the written agreement between Mr. Murguia and Safeco defendant expressly promised to pay for Mr. Murguia's UIM damages.

35.     In return and as consideration for defendant's contractual promise, plaintiff paid his insurance premiums on time and in full.

36.     Defendants' breached its contractual promises, and plaintiff consequentially suffered damages, and is entitled to, **inter alia,** economic damages and non-economic damages plus interest and damages to credit reputation all in amounts to be proven at trial.

### SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

37.     Plaintiff incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

38.     As a provider of insurance services to the public, Defendant at all times had a duty to act with good faith and fair dealing in everything relating to its insurance services, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

39.     Under Colorado law, every insurance contract contains an implied covenant of

good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to their own interests.

40.   Defendants' course of conduct towards plaintiff, from and after June 9, 2014, constituted bad faith and was in breach of the implied covenant of good faith and fair dealing. This includes, but is not limited to, denying Mr. Murguia's claim, attempting to force Mr. Murguia to enter into a new contract before honoring the terms of the original contract, and failing to provide requested information.

41.   Defendant's aforesaid conduct was unreasonable and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

42.   Defendants' breach of the implied covenant of good faith and fair dealing caused plaintiff losses and consequential damages in amounts to be proven at trial.

### THIRD CLAIM FOR RELIEF
### (VIOLATION OF C.R.C.P. § 10-3-1115(1)(a) AND C.R.C.P. § 10-3-1116(1))

43.   Plaintiff incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

44.   Defendant's denial of plaintiff's claim was unreasonable given the circumstances, in violation of C.R.C.P. § 10-3-1115.

45.   Pursuant to C.R.C.P. § 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees, court costs and two times the covered benefit.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant on all claims in an amount to be proved at the time of trial, interest at the highest rate allowed by law, costs, expert witness fees and such other and further relief as this Court deems just and proper.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**DATED** this 17 day of February, 2015.

Respectfully submitted,

Balaban & Claeson LLP

By: _____

Gabriel Claeson, Atty. No. 39144
1325 S. Colorado Blvd., Suite B-506
Denver, Colorado  80222
Tel: 303-377-3474
Fax: omitted